UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNEY RAMEY, | ) | 1:11-cv-00449-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS  (Doc. 1) |
| | ) | |
| R. HILL, Warden, | ) | ORDER DIRECTING PETITIONER TO FILE |
| | ) | RESPONSE WITHIN THIRTY DAYS |
| Respondent. | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on March 14, 2011.[1]  A preliminary review of the Petition, however, reveals that the petition may be

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

1

untimely and should therefore be dismissed.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 14, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

running of the statute of limitation. Petitioner signed the proof of service for the instant petition on March 14, 2011. (Doc. 1, p. 92).

limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on July 29, 1998. (Doc. 1, p. 1). Petitioner alleges that he filed a petition for review that was denied by the California Supreme Court in "December 2000." (Id., p. 2). Since Petitioner does not specify the exact date in December 2000 when his Petition for Review was denied, the Court will give Petitioner the benefit of the doubt by assuming it was on the latest possible date in that month, i.e., December 31, 2000. Thus, direct review would have concluded on March 31, 2001, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, April 1, 2001, or until March 31, 2002, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

  As mentioned, the instant petition was filed on March 14, 2011, almost nine years *after* the expiration of the one-year period. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

  Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.

3

§ 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

    Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

    Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of California on an unspecified date and denied on an unspecified date; (2) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on an

1  unspecified date and denied on an unspecified date; and (3) filed in the California Supreme Court on
2  May 19, 2010 and denied on December 21, 2010. (Doc. 1, pp. 2-3; p. 86-92). [2]

3        Under the AEDPA, a petitioner is not entitled to tolling where the limitations period has
4  already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir.
5  2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259
6  (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does
7  not permit the reinitiation of the limitations period that has ended before the state petition was
8  filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims
9  raised in state habeas corpus filed after expiration of the one-year limitations period).

10        Here, as mentioned, absent statutory or equitable tolling, the limitations period expired on
11  March 31, 2002. Without further information from Petitioner, it is impossible to state with precision
12  exactly when Petitioner filed his first state habeas petition in the Superior Court related to the claims
13  in the instant petition. However, it seems virtually certain that Petitioner filed his first state petition
14  related to this case many years after the expiration of the one-year period in 2002. If that is the case,
15  then the petition is untimely and must be dismissed. However, because at this juncture Petitioner has
16  presented insufficient information regarding the state habeas petitions he filed related to the claims in
17  his federal petition, Petitioner will be given an opportunity, in his response to this Order to Show
18  Cause, to provide the additional information upon which the Court can make an informed
19  determination regarding the timeliness of the petition.

20      D. Equitable Tolling
21        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to
22  equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

(2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  However, Petitioner does indicate in his petition that he is "factually innocent" of the prior convictions used to enhance his sentence. (Doc. 1, pp. 8-15).  Such a contention, however, has no relevance to the Court's timeliness analysis.

In Lee v. Lampert, 610 F.3d 1135 (9th Cir. 2010), the Ninth Circuit held that the AEDPA's one-year statute of limitation contained no exception for a claim of actual innocence.  The appellate court began by rejecting the contention that "actual innocence" was a sub-type of equitable tolling:

> "Nor is the actual innocence exception a species of equitable tolling, such that the presumption in favor of equitable tolling entails a presumption in favor of an actual innocence exception.  Quite the contrary, the actual innocence exception is not a type of tolling because it does not involve extending a statutory period for a particular amount of time.  Moreover, the actual innocence exception has nothing to do with failing to meet a deadline because of extraordinary circumstances, which is the situation addressed by equitable tolling. [Citation omitted.] Our inquiry, therefore, is not limited to whether there is sufficient evidence to rebut a presumption.  Rather, we must determine the best reading of the statute in the first instance."

Lee, 610 F.3d at 1129.  The Court went on to hold that a claim of actual innocence will not toll the

AEDPA's one-year limitation period:

> "The omission of 'actual innocence' from the enumerated list of exceptions in the statutory text is significant, as four of our sister circuits have held.  Since 'section 2244(d) comprises six paragraphs defining its one-year limitations period in detail and adopting very specific exceptions,' the First Circuit reasoned, 'Congress likely did not conceive that the courts would add new exceptions and it is even more doubtful that it would have approved such an effort.' [Citation.] It is not our place to 'engraft an additional judge-made exception onto congressional language that is clear on its face.' [Citation.] We 'cannot alter the rules laid down in the text.' [Citation.] The 'one-year limitations period established by 2244(d) contains no explicit exemption for petitions claiming actual innocence,' and we decline to add one."

Lee, 610 F.3d at 1129. (Citations omitted).  The Ninth Circuit's holding is consistent with four other circuits that have reached a similar conclusion.  See Escamilla v. Jungwirth, 426 F.3d 868, 871-872 (7th Cir. 2005); David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); Flanders v. Graves, 299 F.3d 974, 976-978 (8th cir. 2002).  Accordingly, Petitioner's implied claim of actual innocence is irrelevant to the question of the petition's timeliness under the AEDPA.  Lee, 610 F.3d at 1128.

Based on the foregoing, it appears to the Court that the petition is untimely by many years. However, the Court cannot make a final determination as to timeliness without further evidence from Petitioner.  It is Petitioner's burden to establish timeliness under the AEDPA, and therefore Petitioner will be afforded thirty days from the date of service of this Order to Show Cause within which to establish the timeliness of his petition.  Petitioner may do so by presenting evidence of his entitlement to additional tolling under the AEDPA, if indeed such evidence exists.  If Petitioner fails to respond to this Order to Show Cause, or if his response is inadequate, the petition may be dismissed as untimely.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

///

///

1 | Petitioner is forewarned that his failure to comply with this order may result in a
Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **March 24, 2011**　　　　　　　　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE